Robert J. Francavilla, SBN 110429
*rjf@cglaw.com*
Jeremy Robinson, SBN 188325
*jrobinson@cglaw.com*
Adam B. Levine, SBN 305368
*alevine@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ARTHUR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; MICHAEL STANLEY REYNOLDS; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO. **'20CV1705 W    KSC**<br><br>**Complaint for Damages for Personal Injuries and Demand for Jury Trial**<br><br>1. **Negligence;**<br>2. **Vicarious Liability (FTCA);**<br>3. **Negligent Entrustment (FTCA);**<br>4. **Negligent Hiring, Training, and Supervision (FTCA).**<br>5. **Negligence (FTCA);** |

## JURISDICTION AND VENUE

1.　The claim against Defendant United States of America arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.  This Court has original jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346 (b)(1).

2.　Plaintiff, through counsel, submitted a Federal Tort Claim to the federal government through the Office of the Judge Advocate General on or about January 16, 2020.  To date, Plaintiff's counsel has not received any notice of denial of Plaintiff's

claim from the Office of the Judge Advocate General. In accordance with 28 U.S.C. § 2675(a), Plaintiff now files this complaint.

3. This Court has supplemental jurisdiction to hear the claims against the other Defendants pursuant to 28 U.S.C. § 1367(a).

4. Venue in this Court is proper, pursuant to 28 U.S.C. § 1391(b)(2) because the incident and a substantial part of the events or omissions giving rise to the claims occurred in or around National City, San Diego County, State of California, and within the judicial district of the United States District Court, Southern District of California.

## PARTIES

5. At all relevant times, Plaintiff Peter Arthur was and is a citizen of San Diego County, State of California.

6. Defendant United States of America is a governmental entity organized pursuant to the Constitution of the United States.

7. On information and belief, at all relevant times, Defendant Michael Stanley Reynolds was and is a citizen of San Diego County, State of California, and Citrus County, State of Florida.

8. At the time of the incident underlying this lawsuit, Defendant Michael Stanley Reynolds was a member of the United States Navy, was an employee and agent of Defendant United States of America, was driving and operating a United States government vehicle, and was acting in the course and scope of his federal employment and agency.

9. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant Does 1 through 50 inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries and damages legally thereby as alleged below.

10. Plaintiff is informed and believes and thereon alleges that at all relevant times, each defendant was acting in the course and scope of his or her employment with the other defendants. Defendants are therefore vicariously liable for the acts of each of the remaining defendants herein. In addition, each defendant was at all relevant times acting as the ostensible agent of the remaining defendants and was doing so at the behest of and with the approval of those defendants. At all relevant times, Plaintiff reasonably and without negligence relied on the representations made by the defendants about the agency and employment of each of the remaining defendants.

## FACTUAL ALLEGATIONS

11. On or about September 13, 2019, at approximately 11:40 a.m. on Northbound Interstate 5 approximately 0.3 miles south of Mile of Cars Way in National City, San Diego County, California, United States Navy servicemember Michael Stanley Reynolds was driving a vehicle owned by the United States of America when he suddenly and without warning swerved, or otherwise lost control/moved suddenly and unexpectedly, causing a sequence of collisions that resulted in Plaintiff Peter Arthur suffering severe, permanent, and life altering injuries.

12. At all relevant times, the United States of America owned the vehicle involved in this incident, a large gray 2014 Chevrolet Express van, United States license plate number G422021P (the "Van").

13. Immediately before the incident, Reynolds was driving the Van among traffic travelling at highway speeds when he suddenly and without warning swerved, or otherwise lost control/moved the Van suddenly and unexpectedly leftward out of its lane crashing it into a vehicle in the neighboring lane, causing another collision and pushing a vehicle directly into the path of Plaintiff Peter Arthur's motorcycle which he was operating safely and with due care at all times, and causing Arthur to be ejected from his motorcycle at highway speeds onto the roadway.

14. Reynolds's sudden, unnecessary, unsafe, and unreasonable swerving, or other loss of control/sudden and unexpected movement of the Van out of its lane with disregard for the safety of other motorists caused Arthur to suffer catastrophic injury to his right leg, right arm, and other areas of his body when he was ejected from his motorcycle. Among other injuries, he sustained severely comminuted open fractures of the right tibia and fibula, a comminuted fracture of his right femur, and other injuries to his right leg requiring surgeries and resulting in the amputation of his right leg above his knee. He also suffered an avulsion of his right biceps and complete laceration of his right radial nerve at the elbow, requiring surgeries and resulting in severe ongoing dysfunction in his right arm. Plaintiff has permanent, disfiguring, and disabling injuries, including those described above among others, and will require extensive future medical care, life care, and vocational rehabilitation. Since the incident, he has been unable to work and function independently.

15. Before this incident, Defendant Reynolds had a clear and unambiguous history of dangerous, reckless, careless, and negligent driving including, but not limited to, a crash in 2015 in which he was cited for careless driving, a 2016 moving violation for driving 90 miles per hour in a 55 mile per hour zone, and another crash in 2018 in which he was cited for an improper turn.

## **FIRST CAUSE OF ACTION**

### **Negligence**

### **Against Defendants Michael Stanley Reynolds and Does 1-50**

16. Plaintiff incorporates each and every allegation contained above as if set forth at length herein.

17. At all relevant times, Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, were the drivers, controllers, operators, users, owners, trainers in the operation of, occupiers, managers, maintainers, repairers, and entrusters of the Van.

18. Defendant Michael Stanley Reynolds and Does 1 through 50, and each of

them, negligently and carelessly drove, controlled, operated, used, owned, trained in the operation of, occupied, managed, maintained, repaired, and entrusted the Van, legally causing the incident and the injuries and damages to Plaintiff Peter Arthur as described herein.

19. Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, knew or should have known that the subject area of Interstate 5 was a busy roadway used by motorists including motorcyclists and passenger vehicles on a regular basis and that negligently and carelessly driving, controlling, operating, using, owning, training in the operation of, occupying, managing, maintaining, repairing, and entrusting a large vehicle on the roadway and failing to adhere to all applicable traffic laws, rules, and regulations, including but not limited to by swerving suddenly or otherwise losing control/moving suddenly and unexpectedly, driving inattentively, failing to account for other vehicles on the roadway, failing to signal or warn other drivers before turning or changing lanes, or otherwise driving in an unlawful or unsafe manner for the conditions of the roadway or in the use and operation of the Van in this area without regard for the safety of other traffic, including motorcycles, was likely to create an extreme hazard to vehicles and motorists in the area and was likely to cause a serious collision involving one or more other vehicles travelling at highway speeds and seriously injure other motorists involved in any such collision.

20. Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, knew or should have known of the presence of other traffic on the road and failed to take reasonable precautions in the driving, control, operation, use, ownership, training in the operation of, occupying, management, maintenance, repair, and entrustment of the Van.

21. The acts and omissions of Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, legally and proximately caused the incident and Plaintiff's injuries and damages as alleged herein.

22. As a direct and legal result of the negligence and carelessness of the

Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, the vehicle and other property used by Plaintiff was damaged; and Plaintiff thereafter was denied the use of said vehicle and other property, to Plaintiff's further damage, all in amounts which will be shown according to proof.

23. As a direct and legal result of the negligence and carelessness of the Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, Plaintiff was injured in his health, strength, and activity, sustaining severe shock and injury to his nervous system and person and causing him mental, physical, and nervous pain and suffering, and resulting in his disability, all to his general damage in a sum which will be shown according to proof.

24. As a direct and legal result of the negligence and carelessness of the Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, attendant care, assistive care, life care, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of Court either to amend this Complaint so as to show the amount of his medical expenses, when ascertained, or to prove said amounts at the time of trial.

25. As a direct and legal result of the negligence and carelessness of the Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to and performing the duties of his usual occupation. Plaintiff has therefore lost earnings and earning capacity and may continue to lose earnings and earning capacity in the future, all in amounts presently unknown to him. Plaintiff asks leave of Court either to amend this Complaint to show the amount of his lost earnings and earning potential, when ascertained, or to prove said amounts at the time of trial.

26. In doing the acts alleged in this Complaint, Defendant Michael Stanley Reynolds was negligent and Defendants committed one or more violations of the

California Vehicle Code, and other official rules, statutes regulations, standards, or guidelines applicable to Defendants' conduct.

27. The injuries and damages to Plaintiff Peter Arthur described more fully above, were a direct and legal result of Defendant Michael Stanley Reynolds's negligence and the violations of the above codes, rules, statutes, regulations, standards, and guidelines by Defendants.

28. The above codes, rules, statutes, regulations, standards, and guidelines violated by Defendants were drafted, written, and designed to prevent the type of incident and injuries that occurred in this case, and Plaintiff Peter Arthur is among the class of persons the codes, rules, statutes, regulations, standards, and guidelines were designed to protect.

29. As a direct and legal result of the per se negligence and carelessness of the Defendants, Plaintiff Peter Arthur was caused to suffer the personal injuries and damages described above.

## SECOND CAUSE OF ACTION

**Vicarious Liability**

**Against Defendant United States of America**

**Pursuant To The Federal Tort Claims Act, 28 U.S.C. § 1346(b)**

30. Plaintiff incorporates each and every allegation contained above as if set forth at length herein.

31. At all relevant times, Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, were driving, controlling, operating, using, owning, training in the operation of, occupying, managing, maintaining, repairing, and entrusting the Van.

32. At all relevant times, Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, were employees and agents of Defendant United States of America.

33. At all relevant times, Defendant Michael Stanley Reynolds and Does 1

through 50, and each of them, were acting within the course and scope of their federal employment and agency.

34.     Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, did so negligently and carelessly drive, control, operate, use, own, train in the operation of, occupy, manage, maintain, repair, and entrust the Van, so as to cause the incident and the injuries and damages alleged above.

35.     The acts and omissions of the United States of America, by and through its agents, servants, employees, and independent contractors, including Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, legally and proximately caused the incident and Plaintiff's injuries and damages.

36.     Due to the foregoing acts and omissions of the United States of America, by and through its agents, servants, employees, and independent contractors, including Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, while acting within the purpose, scope, and course of their employment, agency, and service for the United States of America, created an extreme danger to motorists including Plaintiff Peter Arthur through negligence and carelessness in the driving, control, operation, use, ownership, training in the operation of, occupying, management, maintenance, repair, and entrustment of the Van.

37.     The negligence of Defendant United States of America's employees and agents, including Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, was the legal cause of the incident and Plaintiff's injuries and damages, and Defendant United States of America is vicariously liable for such negligence which is imputed to Defendant United States of America.

38.     As a direct and legal result of the negligence and carelessness of Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, the vehicle and other property used by Plaintiff was damaged; and Plaintiff thereafter was denied the use of said vehicle and other property, to Plaintiff's further damage, all in amounts which will be shown according to proof.

39.  As a direct and legal result of the negligence and carelessness of Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, Plaintiff was injured in his health, strength, and activity, sustaining severe shock and injury to his nervous system and person and causing him mental, physical, and nervous pain and suffering, and resulting in his disability, all to his general damage in a sum which will be shown according to proof.

40.  As a direct and legal result of the negligence and carelessness of Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, attendant care, assistive care, life care, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of Court either to amend this Complaint so as to show the amount of his medical expenses, when ascertained, or to prove said amounts at the time of trial.

41.  As a direct and legal result of the negligence and carelessness of Defendant Michael Stanley Reynolds and Does 1 through 50, and each of them,, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to and performing the duties of his usual occupation.  Plaintiff has therefore lost earnings and earning capacity and may continue to lose earnings and earning capacity in the future, all in amounts presently unknown to him.  Plaintiff asks leave of Court either to amend this Complaint to show the amount of his lost earnings and earning potential, when ascertained, or to prove said amounts at the time of trial.

### THIRD CAUSE OF ACTION
### Negligent Entrustment
### Against Defendant United States of America
### Pursuant To The Federal Tort Claims Act, 28 U.S.C. § 1346(b)

42.  Plaintiff incorporates each and every allegation contained above as if set forth at length herein.

43. At all relevant times, Defendant Michael Stanley Reynolds was driving, controlling, and operating the Van at the direction of and with the knowledge, permission, and consent of the remaining Defendants, and each of them.

44. At all relevant times, Defendant Michael Stanley Reynolds negligently and carelessly drove, controlled, and operated the Van, legally causing the incident and the injuries and damages to Plaintiff Peter Arthur as described herein.

45. At all relevant times, the United States of America was the owner of the Van driven, controlled, and operated by Defendant Michael Stanley Reynolds at the time of the incident.

46. The United States of America negligently and carelessly entrusted the Van to Defendant Michael Stanley Reynolds so as to cause it to be driven by him despite his clear and unambiguously careless, negligent, reckless, and dangerous driving history and record involving multiple serious prior moving violations, multiple citations for causing motor vehicle crashes, and other clear indications that he was unfit, unable, incompetent, and unlikely to safely drive the Van at the time of the incident.

47. At all relevant times, the United States of America knew, or should have known, that Defendant Michael Stanley Reynolds was incompetent and unfit to drive the Van.

48. Because of Defendant Michael Stanley Reynolds's extensive prior history of careless, negligent, reckless, and dangerous driving the United States of America knew, or should have known, that Reynolds was unfit, unable, and incompetent to safely drive the Van, and that his operation of the Van involved an unreasonable risk of harm to other motorists on the roadway, including Plaintiff.

49. As the owner of the Van, the United States of America had the right to permit and the power to prohibit the use of the Van by Defendant Michael Stanley Reynolds, including the right to permit and the power to prohibit the negligent, careless, and reckless driving routinely exhibited by Reynolds, of which the United

States of America was or should have been fully aware through the exercise of due care. Nevertheless, the United States of America, by and through its agents, servants, employees, and independent contractors, including the United States Navy, chose to entrust Reynolds to drive the Van, a large, powerful, and dangerous vehicle, on a highway with heavy traffic where he was likely to encounter and endanger other motorists.

50.     At all relevant times, the United States of America knew, or should have known, that the subject area of Interstate 5 was a busy roadway used by motorists including motorcyclists and passenger vehicles on a regular basis and that entrusting the Van to Defendant Michael Stanley Reynolds despite his incompetence and unfitness to drive such a large vehicle on the busy roadway safely and without negligence and carelessness was likely to create an extreme hazard to vehicles and motorists in the area.

51.     At all relevant times, the United States of America knew, or should have known, that negligent entrustment of the Van to Defendant Michael Stanley Reynolds despite his incompetence and unfitness was likely to result in him driving the Van inattentively, swerving suddenly or otherwise losing control/moving suddenly and unexpectedly, failing to account for other vehicles, failing to signal or warn other drivers before turning, or otherwise driving in an unlawful or unsafe manner for the conditions of the roadway or in the use and operation of the Van in this area without regard for the safety of other traffic, including motorcycles, and create an unreasonable risk of a serious collision involving one or more other vehicles travelling at highway speeds causing seriously injuries to other motorists involved in any such collision.

52.     At all relevant times, the United States of America knew, or should have known, that its failure to exercise due care in its entrustment of the large Van would cause a hazard to drivers of vehicles and despite such knowledge still created the dangerous condition through its negligent entrustment of the Van to Defendant

Michael Stanley Reynolds.  Had the United States of America, by and through its agents, servants, employees, and independent contractors, including the United States Navy, taken reasonable precautions and exercised due care, no collision would have occurred, and Plaintiff would have suffered no injuries or damages.

53.     The acts and omissions of the United States of America, by and through its agents, servants, employees, and independent contractors, including the United States Navy, legally and proximately caused the incident and Plaintiff's injuries and damages.

54.     As a direct and legal result of the negligence and carelessness of the United States of America, the vehicle and other property used by Plaintiff was damaged; and Plaintiff thereafter was denied the use of said vehicle and other property, to Plaintiff's further damage, all in amounts which will be shown according to proof.

55.     As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was injured in his health, strength, and activity, sustaining severe shock and injury to his nervous system and person and causing him mental, physical, and nervous pain and suffering, and resulting in his disability, all to his general damage in a sum which will be shown according to proof.

56.     As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, attendant care, assistive care, life care, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of Court either to amend this Complaint so as to show the amount of his medical expenses, when ascertained, or to prove said amounts at the time of trial.

57.     As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to and performing the duties of his usual

occupation. Plaintiff has therefore lost earnings and earning capacity and may continue to lose earnings and earning capacity in the future, all in amounts presently unknown to him. Plaintiff asks leave of Court either to amend this Complaint to show the amount of his lost earnings and earning potential, when ascertained, or to prove said amounts at the time of trial.

## FOURTH CAUSE OF ACTION

**Negligent Hiring, Training, and Supervision**

**Against Defendant United States of America**

**Pursuant To The Federal Tort Claims Act, 28 U.S.C. § 1346(b)**

58. Plaintiff incorporates each and every allegation contained above as if set forth at length herein.

59. At all relevant times, the United States of America, by and through the United States Navy, hired, employed, an enlisted Defendant Michael Stanley Reynolds.

60. At all relevant times, Defendant Michael Stanley Reynolds was unfit and incompetent to perform tasks involved in the work for which he was hired, employed, or enlisted, including driving, controlling, and operating motor vehicles and the Van.

61. At all relevant times, the United States of America knew, or should have known, that Defendant Michael Stanley Reynolds was unfit and incompetent to drive, control, and operate a large vehicle such as the Van and that his unfitness and incompetence created particular and unreasonable risks to others, including the risk of a serious collision involving one or more other vehicles travelling at highway speeds causing seriously injuring other motorists involved in any such collision.

62. Defendant Michael Stanley Reynolds's unfitness and incompetence legally and proximately caused the incident and Plaintiff's injuries and damages.

63. The acts and omissions of the United States of America related to its failure to exercise due care in the hiring, training, and supervision of Defendant Michael Stanley Reynolds legally and proximately caused the incident and Plaintiff's

injuries and damages.

64. Had the United States of America taken reasonable precautions and exercised due care in the hiring, training, and supervision of Defendant Michael Stanley Reynolds, the subject incident would not have occurred, and Plaintiff would have suffered no injuries or damages.

65. As a direct and legal result of the negligence and carelessness of the United States of America the vehicle and other property used by Plaintiff was damaged; and Plaintiff thereafter was denied the use of said vehicle and other property, to Plaintiff's further damage, all in amounts which will be shown according to proof.

66. As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was injured in his health, strength, and activity, sustaining severe shock and injury to his nervous system and person and causing him mental, physical, and nervous pain and suffering, and resulting in his disability, all to his general damage in a sum which will be shown according to proof.

67. As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, attendant care, assistive care, life care, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of Court either to amend this Complaint so as to show the amount of his medical expenses, when ascertained, or to prove said amounts at the time of trial.

68. As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to and performing the duties of his usual occupation.  Plaintiff has therefore lost earnings and earning capacity and may continue to lose earnings and earning capacity in the future, all in amounts presently unknown to him.  Plaintiff asks leave of Court either to amend this Complaint to show

the amount of his lost earnings and earning potential, when ascertained, or to prove said amounts at the time of trial.

### FIFTH CAUSE OF ACTION

### Negligence

### Against Defendant United States of America

### Pursuant To The Federal Tort Claims Act, 28 U.S.C. § 1346(b)

69. Plaintiff incorporates each and every allegation contained above as if set forth at length herein.

70. The United States of America negligently and carelessly drove, owned, occupied, managed, controlled, maintained, repaired, and operated the Van, legally and proximately causing the incident and the injuries and damages to Plaintiff Peter Arthur as described herein.

71. As a direct and legal result of the negligence and carelessness of the United States of America the vehicle and other property used by Plaintiff was damaged; and Plaintiff thereafter was denied the use of said vehicle and other property, to Plaintiff's further damage, all in amounts which will be shown according to proof.

72. As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was injured in his health, strength, and activity, sustaining severe shock and injury to his nervous system and person and causing him mental, physical, and nervous pain and suffering, and resulting in his disability, all to his general damage in a sum which will be shown according to proof.

73. As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, attendant care, assistive care, life care, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of Court either to amend this Complaint so as to show the amount of his medical expenses, when

ascertained, or to prove said amounts at the time of trial.

74. As a direct and legal result of the negligence and carelessness of the United States of America, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to and performing the duties of his usual occupation. Plaintiff has therefore lost earnings and earning capacity and may continue to lose earnings and earning capacity in the future, all in amounts presently unknown to him. Plaintiff asks leave of Court either to amend this Complaint to show the amount of his lost earnings and earning potential, when ascertained, or to prove said amounts at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter Arthur prays judgment against Defendants, and each of them, as to each and every cause of action as follows:

1. For general damages according to proof;
2. For special damages including past and future medical expenses, nursing attendant and life care, reasonable value of services, loss of earnings, loss of earning capacity, property damage, and all incidental expenses according to proof;
3. For interest from the date of incident to the time of judgment;
4. For costs of suit; and
5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff demands trial by jury for all causes of action and against all Defendants for which trial by jury is allowed by law in the above-captioned matter.

Dated: August 31, 2020                CASEY GERRY SCHENK
                                      FRANCAVILLA BLATT & PENFIELD, LLP


                                      By: s/ Robert J. Francavilla
                                          ROBERT J. FRANCAVILLA
                                          Attorneys for Plaintiff